***NOT FOR PUBLICATION***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ESTEFANIA HASSINE, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 18-9031 (FLW) (TJB) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| SIMON'S AGENCY, INC., | : | |
| | : | |
| Defendant. | : | |

**WOLFSON, Chief Judge**

Plaintiff Estefania Hassine ("Plaintiff") has filed an Amended Complaint, in which she alleges that Defendant Simon's Agency, Inc. ("Defendant") sent her a collection letter that falsely stated that interest, late charges, and other charges could potentially accrue on her debt, when, in fact, none could accrue, in violation of the Fair Debt Collection Practices Act ("FDCPA" or the "Act"). Before the Court are Motions for Summary Judgment filed by both Plaintiff and Defendant. For the reasons set forth below, Plaintiff's Motion for Summary Judgment is **GRANTED** and Defendant's Motion for Summary Judgment is **DENIED**.

I.   **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The following facts are undisputed. On February 9, 2018, Plaintiff received a collection letter from Defendant for a $210.00 debt owed to Meridian Medical Group ("Meridian"). (Pl.'s Statement of Undisputed Facts ("Pl.'s SOF"), ¶¶ 1, 4; Def.'s Statement of Undisputed Material Facts ("Def.'s SUMF"), ¶¶ 2–3.) The collection letter included a 30-day Validation Notice, setting forth the disclosures required by 15 U.S.C. § 1692g. (Pl.'s SOF, ¶ 4.) In a box labeled, "Account

Summary," the letter indicated that the "Amount Just Placed" was $210.00 and the "Total Balance" was $210.00. The collection letter further provided

> Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which event we will notify you.

(*Id.* ¶ 5.) However, Plaintiff's account with Meridian is not subject to interest, late charges, or other charges. (Pl.'s SOF, ¶ 8.)

On May 10, 2018, Plaintiff filed the instant suit, individually and on behalf of those similarly situated, against Defendant, alleging that the collection letter violated the FDCPA. Specifically, Plaintiff claims that (1) Defendant used a false, deceptive or misleading representation in collecting on the debt, in violation of 15 U.S.C. § 1692e, and (2) the collection letter falsely stated the amount of the debt owed, in violation of 15 U.S.C. § 1692g. Defendant and Plaintiff cross-moved for summary judgment on both counts of the Complaint on February 21, 2020.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A factual dispute is genuine only if there is "a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party," and it is material only if it has the ability to "affect the outcome of the suit under governing law." *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputes over irrelevant or unnecessary facts will not preclude a grant of summary

judgment. *Anderson*, 477 U.S. at 248. "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, (1986); *Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002).

The party moving for summary judgment has the initial burden of showing the basis for its motion. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If the moving party will bear the burden of persuasion at trial, that party must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial." *Id.* at 331. On the other hand, if the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment may satisfy Rule 56's burden of production by either (1) "submit[ting] affirmative evidence that negates an essential element of the nonmoving party's claim" or (2) demonstrating "that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim." *Id.* Once the movant adequately supports its motion pursuant to Rule 56(c), the burden shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324; *see also Matsushita*, 475 U.S. at 586; *Ridgewood Bd. of Ed. v. Stokley*, 172 F.3d 238, 252 (3d Cir. 1999). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. Credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992). There can be "no genuine

issue as to any material fact," however, if a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322-23.  "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323; *Katz v. Aetna Cas. & Sur. Co.*, 972 F.2d 53, 55 (3d Cir. 1992).

### III.  DISCUSSION

Both Plaintiff and Defendant move for summary judgment on Plaintiff's FDCPA claims. In addition to arguing that Plaintiff has failed to show any violation of the FDCPA, Defendant asserts that it is entitled to protection from liability pursuant to the bona fide error defense. Plaintiff, however, maintains that she has proven violations of both 15 U.S.C. §§ 1692e and 1692g and, further, that Defendant has not met its burden of proving its defense.

Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010).  The FDCPA regulates interactions between "consumers" and "debt collectors," as those terms are defined thereunder, by prohibiting debt collectors from engaging in certain conduct.  *Id.*  To foster compliance with its requirements, the Act "permits private suits against debt collectors who violate its provisions."  *Id.* at 612 (citing 15 U.S.C. § 1692k(a)).  The Third Circuit has advised that, as remedial legislation, "the FDCPA must be broadly construed in order to give full effect" to the purposes for which it was enacted. *DiNaples v. MRS BPO, LLC*, 934 F.3d 275, 281 (3d Cir. 2019) (quotation omitted)).  Accordingly, communications from lenders to debtors are analyzed from the perspective of the "least sophisticated debtor." *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453–54 (3d Cir. 2006).  This

standard is "lower than simply examining whether particular language would deceive or mislead a reasonable debtor." *Reeseg v. Gen. Revenue Corp.*, No. 14-8033, 2015 WL 4525869, at *2 (D.N.J. July 27, 2015) (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000)).

To establish a claim under the FDCPA, "a plaintiff must prove that (1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to the collect the debt." *Jensen v. Pressler & Pressler*, 791 F.3d 413, 417 (3d Cir. 2015) (quoting *Douglass v. Convergent Outsourcing*, 756 F.3d 299, 303 (3d Cir. 2014)). Here, only the fourth prong is disputed for each of Plaintiff's claims. The Court discusses each alleged violation, in turn.

### A. Section 1692e

Section 1692e prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." Plaintiff specifically claims that the collection letter she received from Defendant violated § 1692e(2)(A), which prohibits "[t]he false representation of the character, amount, or legal status of any debt," and § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt." Indeed, according to Plaintiff, the statement in the collection letter regarding "the potential imposition of interest and other charges are undeniably and categorically false." (Pl.'s Summary Judgment Moving Br., at 7.) Defendant, however, argues that the least sophisticated debtor would not have been misled by the challenged-portion of the collection letter because the letter "sets forth that the amount placed[] and the total balance are the same." (Def.'s

5

Opp., at 5.) As such, Defendant maintains that the challenged letter did not contain any material misrepresentation because the letter was not false or misleading.[1]

Applying the least sophisticated debtor test, I find that Plaintiff is entitled to summary judgment on her § 1692e claim. The collection letter sent by Defendant to Plaintiff states that "[b]ecause of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater." To the least sophisticated debtor, this statement is misleading because it suggests that her account is subject to interest or other charges and that she may owe more than the amount stated. However, the record is clear that Defendant does not apply interest, late fees, or other charges on debts owed to Meridian.[2] (*See* Pl.'s Mot. for Summary Judgment, Ex. B at 27:8–29:14). In that regard, this case is comparable to *Beauchamp v. Financial Recovery Services, Inc.*, No. 10-4864, 2011 WL 891320 (S.D.N.Y. Mar. 14, 2011), in which the Southern District of New York found language similar to that at issue here constituted a plausible

---

[1] In its Motion, Defendant places significant weight on the fact that Plaintiff, a college-educated woman, did not attempt to dispute the debt before contacting her lawyer regarding the collection letter. While Defendant's argument on this point is unclear, it seems that Defendant suggests that Plaintiff was not mislead by the collection letter and, therefore, cannot prevail on a FDCPA claim. This is plainly incorrect as the Third Circuit has made clear that "[a] 'specific plaintiff need not prove that *she* was actually confused or misled'" to succeed on an FDCPA claim. *Knight v. Midland Credit Mgmt. Inc.*, 755 F. App'x 170, 174 (3d Cir. 2018) (emphasis in original) (quoting *Jensen*, 791 F.3d at 418). Moreover, the fact that a plaintiff did not dispute the debt has no impact on a subsequent claim under the FDCPA. *See McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 248 (3d Cir. 2014) ("[A] consumer is not required to seek validation of a debt he or she believes is inaccurately described in a debt communication as a prerequisite to filing suit under § 1692e.").

[2] Defendant suggests that "additional charges including interest may accrue [on a debt] in the event that Meridian files suit on the debt." (Def.'s Reply, at 3.) In making this assertion, Defendant relies on the deposition testimony of Timothy Buckles, Defendant's Chief Operating Officer. Mr. Buckles testified at his deposition that, if Meridian chooses to sue on a particular debt, interest may "be placed by the court and a judge." (Pl.'s Mot. for Summary Judgment, Ex. B, at 31:6–18.) Even so, it is plain from the record that Defendant, in collecting on a debt owed to Meridian, does not charge interest or fees on behalf of Meridian and, further, the letter was clearly not addressing what might be awarded by a judge if suit is filed to collect the debt.

violation of § 1692e. Specifically, in *Beauchamp*, the plaintiff was sent a collection letter that stated that

> Interest, late charges, and other charges may or may not be applicable to this account. If some or all of these are applicable to your account, they may vary from day to day and thus the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check in which event we will inform you before depositing the check for collection.

*Id.* at *1. This language, however, contradicted the debt collectors' practice of never adding such charges to a debt. *Id.* at *2. The court then determined that, from the perspective of the least sophisticated debtor, "a [debtor] reading the Letter could believe that [the debt collector], does at times, add interest or other charges to the amounts it seeks to collect." *Id.* at *3. The court reasoned that if the debt collector "never increases the amount owed beyond that stated in the Letter, . . . then the [debtor] will in fact have been misled." *Id.*

Relying on *Beauchamp*, courts in this District have found similar collection letters violate the Act. *See Reeseg*, 2015 WL 4525869, at *3; *Safdieh v. P & B Capital Grp., LLC*, No. 14-3947, 2015 WL 2226203, at *3–6 (D.N.J. May 12, 2015). For example, in *Safdieh*, the collection letter in question included substantially the same language challenged by Plaintiff. 2015 WL 2226203, at *3. The court determined that "[t]his statement, from the perspective of the least sophisticated debtor, is misleading, because the least sophisticated debtor may read the letter to mean that his or her account is subject to interest or late charges, and that she may ultimately owe more money than the letter shows," and that such language was false, because plaintiff's account was not subject to interest or other charges. *Id.* Similarly, in *Reeseg*, the court determined that similar language was misleading, because it suggested that the debt collector "could potentially impose additional charges, even though that would never actually occur." *Reeseg*, 2015 WL 4525869, at *3.

7

Nevertheless, Defendant maintains that this case is distinguishable because the collection letter provided that the "Amount Placed" and "Total Balance" are the same and, therefore, there was no misrepresentation of the amount Plaintiff owed.[3] In that connection, Defendant argues that this case is more akin to *Schletz v. Academy Collection Service, Inc.*, Nos. 02-C-6484, 02-C-6953, 02-C-9391, 2003 WL 21196266 (N.D. Ill. 2003). In *Schletz*, the plaintiffs received collection letters which stated that "[i]f applicable, your account may have or will accrue interest at a rate specified in your contractual agreement with the original creditor." *Id.* at *1. The court found that there was no FDCPA violation because the collection letters explicitly stated that the amount of interest owing on each debt was "$0.00." *Id.* As such, the court found that the letters "plainly state[] the total amount actually due as of the date of the letter." *Id.* Defendant's reliance on this case is, however, misplaced. In *Schletz*, the inclusion in the letters of an express statement that no interest was owed was critical to the outcome. Here, there is no similar express statement that zero interest is due. While the "Amount Just Placed" and "Total Balance" reflect the same amount, the letter does not explicitly indicate to the least sophisticated debtor that interest would not accrue.

---

[3] In its reply, Defendant argues that the Fifth Circuit's recent decision in *Salinas v. R.A. Rogers, Inc.*, 952 F.3d 680 (5th Cir. 2020), forecloses Plaintiff's claim. However, *Salinas* is easily distinguished. There, the plaintiff received a dunning letter on a personal loan that was silent as to whether interest would apply in the event of a default and set forth that the total amount due was $4629.96 and the interest due was $0.00. *Id.* at 681. The dunning letter further provided that "[i]n the event there is interest or other charges accruing on your account, the amount due may be greater than the amount shown above after the date of this notice." *Id.* In finding that this language did not violate § 1692e, the Fifth Circuit noted that "the actual text of the letter does not state or imply that interest or other charges will accrue, or even that they may accrue, on [plaintiff's] account." *Id.* at 684. Thus, because the challenged language only "expresse[d] a common-sense truism about borrowing and lending, and does not imply that interest or other charges may actually accrue on the debtor's account," there was no FDCPA violation. Here, however, the challenged language implies that interest or other charges could potentially accrue on Plaintiff's account.

8

The Court therefore finds that Plaintiff's claim is more akin to *Beauchamp*, *Reeseg*, and *Safadieh*. The collection letter falsely stated that interest and other fees may accrue on the debt owed to Meridian. That statement is misleading to the least sophisticated debtor, as it would lead her to believe that she may owe more than the amount stated, even though no interest or fees would actually be imposed. Accordingly, the Court finds that Plaintiff has proven a violation of § 1692e.

### B. Section 1692g

Plaintiff additionally asserts a claim under 15 U.S.C. § 1692g. Section 1692g(a)(1) requires a debt collector to clearly and unambiguously convey the amount of the debt owed to it. A disclosure under this section "must not be 'overshadowed or contradicted by accompanying messages or notices from the debt collector.'" *Reeseg*, 2015 WL 4525869, at *3 (quoting *Wilson*, 225 F.3d at 355). "A message overshadows or contradicts a debt disclosure 'if it would make the least sophisticated consumer uncertain as to her rights.'" *Id.* (quoting *Wilson*, 225 F.3d at 354). Here, Plaintiff argues that Defendant violated this section because the inclusion of language that "interest, late fees, and other charges may accrue" clouded the listed amount due on the date the letter was sent and would confuse the least sophisticated consumer as to the actual amount due. The Court agrees. The collection letter indicates that additional charges and fees may increase the amount due on the debt, leading the least sophisticated consumer to believe that if the debt was not paid immediately, it could increase. Because, in fact, Defendant did not apply interest or late fees to the debt in question, the disclosure of the amount of debt was overshadowed by language that could confuse the least sophisticated consumer. *See, e.g.*, *Reeseg*, 2015 WL 4525869, at *3; *see also Boucher v. Finance Sys. of Green Bay, Inc.*, 880 F.3d 362, 368 (7th Cir. 2018) (finding that plaintiff stated a plausible claim under § 1692g(a)(1) where collection letter "falsely implie[d] a possible outcome—the imposition of 'late charges and other charges'—that cannot legally come

9

to pass"); *Hecht v. Green Tree Servicing, LLC*, No. 12-498, 2013 WL 164514, at *3–*4 (D. Conn. Jan. 15, 2013); *Beauchamp*, 2011 WL 891320, at *3. Therefore, Plaintiff has demonstrated a violation of section 1692g.

### C.  Bona Fide Error Defense

Finally, Defendant contends that it is protected from liability pursuant to the bona fide error defense. Section 1692k(c) of the Act provides a defense to a debt collector whose violation results from a bona fide error, specifically providing that

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c). The Third Circuit has set forth a three-prong test that a debt collector must satisfy to avail itself of the bona fide error defense: "(1) the alleged violation was unintentional, (2) the alleged violation resulted from a bona fide error, and (3) the bona fide error occurred despite procedures designed to avoid such errors." *Rush v. Portfolio Assocs. LLC*, 977 F. Supp. 2d 414, 426 (D.N.J. 2013) (quoting *Beck v. Maximus, Inc.*, 457 F.3d 291, 297–98 (3d Cir. 2006)).[4] The parties focus their arguments on the second and third prongs of the defense: whether Defendant's violation of the FDCPA resulted from a bona fide error and whether Defendant's employed reasonable precautions to avoid such errors. These prongs "are objective and require an inquiry into whether any precautions were actually implemented, and whether such precautions were

---

[4]   The parties dispute whether Defendant waived its right to raise the bona fide error defense as it did not raise the affirmative defense in either of its Answers in this matter. Because the Court finds that Defendant has not met its burden of proof with respect to the defense, I need not address the parties' arguments on waiver, although I note that Plaintiff's position on waiver has merit.

10

reasonably adapted to avoid the specific error at issue." *Rush*, 977 F. Supp. 2d at 427 (quoting *Agostino v. Quest Diagnostics, Inc.*, No. 04–4362, 2011 WL 5410667, *4 (D.N.J. Nov. 3, 2011)).

Defendant, relying on its internal FDCPA Policies and Procedures, contends that it does have such precautions in place. (*Id.* ¶ 11.) Specifically, Defendant's FDCPA Policies and Procedures provide that

> [Defendant] has developed internal procedures that are made up of steps and guidelines targeted at assisting its collection department in its letter and account review. Highly trained attorneys, experienced paralegals and legal assistants implement these procedures. These procedures are strictly followed by the firm's staff. [Defendant's] collection attorneys have developed these procedures to assist them in exercising independent, trained legal judgment on the validity of a claim and whether to send out collection letters to consumers and/or commercial consumers. These procedures are necessary for [Defendant] to exercise the care that it believes it owes to its clients and to make sure that each consumer's letter is accurate and appropriate as to the account of the consumer. [Defendant] does not authorize any deviations from these procedures.

(Def.'s Mot., Ex. E, at 1.) Moreover, Defendant maintains that "all written communications are subjected to periodic review by trained staff to ensure that they comply with the FDCPA." (Def.'s Reply, at 7.) Plaintiff, however, argues that Defendant has not met its burden of demonstrating the actual procedures it employs to prevent the errors in this case, as its Policies and Procedures fail to explain exactly what "internal procedures" or "steps and guidelines" are in place.

While "[t]he bona fide error defense does not require debt collectors to take every conceivable precaution to avoid errors," debt collectors must take reasonable precautions to do so. *Rush*, 977 F. Supp. 2d at 427 (quoting *Beck*, 457 F.3d at 299). As the Ninth Circuit has aptly explained:

> If the bona fide error defense is to have any meaning in the context of a strict liability statute, then a showing of "procedures reasonably adapted to avoid any such error" must require more than a mere

11

> assertion to that effect. The procedures themselves must be explained, along with the manner in which they were adapted to avoid the error. Only then is the mistake entitled to be treated as one made in good faith.

*Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1007 (9th Cir. 2008).

The only evidence presented by Defendant with respect to the procedures it has in place to prevent errors, such as the one at issue, is its two-page "FDCPA Policies and Procedures," quoted above. That document, however, fails to explain in any detail what its "internal procedures" consist of. Instead, the document contains vague language that fails to establish that Defendant employs reasonable precautions to prevent erroneous language from being included in its collection letters. Nor does the deposition of Defendant's Chief Operating Officer, Mr. Buckles, shed any light on the internal procedures Defendant employs to prevent such errors. Mr. Buckles testified that employees review collection letters before they are sent to consumers, but he was unable to identify the titles of the employees who review the letters nor confirm how often the letters are reviewed. (*See* Pl.'s Mot. for Summary Judgment, Ex. B. at 64:24–65:21.) Indeed, Mr. Buckles testified that the letter templates for each client are reviewed on an "ad-hoc" basis." (*See id.*, at 72:25–73:24.)

Even considering the vague testimony of Mr. Buckles on this issue, Defendant has not met its burden of demonstrating that it has reasonable procedures in place to prevent the mailing of misleading collection letters. The "Policies and Procedures" document contains nothing more than vague reference to "steps" and "guidance" Defendant takes, without actually providing any specific details as to what procedures are followed. Without these details, there is little from which the Court can determine whether Defendant's precautions are reasonable. Indeed, Mr. Buckles's testimony tends to suggest that Defendant does not have any reasonable procedures in place and that it simply reviews its letter templates on an "ad-hoc" basis. Further indicating that Defendant

does not conduct any regular review of its collection letters is the fact that Defendant included the erroneous language in its collection letters to Meridian debtors for two years. (*See* Pl.'s Mot. for Summary Judgment, Ex. D, at 6 (stating that Defendant started using this letter format in December 2016); Pl.'s Mot. for Summary Judgment, Ex. B, at 64:18–20 (confirming that the letter template was changed in November 2018).)[5] In that time, similar collection letters were sent out to tens of thousands of Meridian debtors throughout the United States. (*See* Pl.'s Mot. for Summary Judgment, Ex. D, at 6 (stating that 11,161 similar letters were sent to Meridian debtors from May 10, 2017 to May 30, 2018).

While application of the bona fide error defense is typically a question reserved for the jury, a court may grant summary judgment where there is no way for Defendant to succeed on the defense. *See, e.g.*, *Jarzyna v. Home Properties, L.P.*, 114 F. Supp. 3d 243, 268 (E.D. Pa. 2015) (finding that no reasonable jury could find that defendant was entitled to bona fide error defense where defendant did not offer "any evidence of a tangible company policy or practice that would even minimally ensure that the debts it receives are traceable to debtors' agreements"); *see also Engelen v. Erin Capital Mgmt., LLC*, 544 F. App'x 707, 708–09 (9th Cir. 2013) (affirming denial of summary judgment where defendant "failed to meet its burden of proof as to its entire set of procedures under the bona fide error defense"). Here, a reasonable jury could not find that Defendant is entitled to protection under the bona fide error defense because Defendant has failed to meet its burden of proving by a preponderance of the evidence that it has any procedures, let alone reasonable procedures, in place to review its collection letters for erroneous statements.

---

[5] In fact, Defendant did not remove the erroneous language from the collection letter template it used for Meridian until November 2018, more than six months after this lawsuit was filed and put Defendant on notice of a potential FDCPA violation. (*See* Pl.'s Mot. for Summary Judgment, Ex. B, at 64:18–20.)

Accordingly, because Plaintiff has demonstrated that the collection letter violates sections 1692e and 1692g of the FDCPA, and Defendant has not met its burden of proving its entitlement to the bona fide error defense, the Court grants Plaintiff's Motion for Summary Judgment and denies Defendant's Motion for Summary Judgment.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Summary Judgment is **GRANTED** and Defendant's Motion for Summary Judgment is **DENIED.**

Dated: June 26, 2020　　　　　　　　　　　　　　　　　　/s/ Freda L. Wolfson
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Freda L. Wolfson
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Chief U.S. District Judge